Argued and submitted December 21, affirmed November 8, 1995

In the Matter of the Compensation of
George O. Hamlin, Claimant.

George O. HAMLIN,
*Petitioner,*

*v.*

SALEM AREA TRANSIT
and SAIF Corporation,
*Respondents.*

(93-02757; CA A83907)

905 P2d 245

Max Rae argued the cause and filed the brief for petitioner.

Steve R. Cotton, Special Assistant Attorney General, argued the cause for respondents. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong,* Judges.

ARMSTRONG, J.

---

* Armstrong, J., *vice* Landau, J.

## ARMSTRONG, J.

Claimant seeks judicial review of an order of the Workers' Compensation Board that increased claimant's permanent partial disability (PPD) award based on a finding that claimant has the capacity to perform work in the "medium/light" category. He contends that there is not substantial evidence in the record to support that finding. We review for substantial evidence, ORS 183.482(8)(c), and affirm.

Claimant has been employed as a city bus driver for the past ten years. In 1985, claimant suffered a compensable injury to his neck and mid-back when the bus he was driving was rear ended. At that time, the Board awarded claimant 10 percent PPD. Following the injury, claimant returned to work driving buses, some equipped with power steering and others equipped with manual steering. In April 1992, he suffered an aggravation of his condition. Claimant's treating physician, Dr. Rohwer, determined that the condition was exacerbated by the musculoskeletal strain caused by driving buses that lack power steering.

On June 8, 1992, Rohwer released claimant to return to modified work, with the limitation that he drive only buses equipped with power steering. Claimant's aggravation claim was closed without any increase in PPD. He sought reconsideration and then a hearing on the denial of his claim for increased PPD. Ultimately, claimant appealed to the Board, arguing that his award of PPD should be increased by 8 percent to a total of 18 percent, because he was no longer able to perform the full range of work as a bus driver. The Board increased claimant's PPD award to 13 percent. Claimant sought judicial review.

The administrative rules that provide for PPD have changed over the years.[1] At the time of claimant's determination order, one of the factors that affected a PPD award was a claimant's "adaptability," which was determined by comparing the claimant's original physical capacity to work, measured in terms of strength, with the claimant's remaining

---

[1] The parties agree that claimant's adaptability should be rated pursuant to the versions of OAR 436-35-270 and OAR 436-35-310 that are found in WCD Administrative Order 6-1992, effective March 13, 1992. All of our citations to those rules refer to the March 1992 version of them.

capacity to do so after injury. OAR 436-35-270(2). A claimant's remaining capacity was called residual functional capacity (RFC). OAR 436-35-310. Adaptability was measured by comparing the "strength" of the claimant's job prior to injury with the "strength" of the job the claimant was performing or was able to perform post-injury.[2] OAR 436-35-310(3)(d). The strength of a particular occupation was classified as "sedentary," "light," "medium," "heavy" or "very heavy." *Id.*; OAR 436-35-270(3)(g).

The parties do not dispute that the strength rating for claimant's job as a bus driver, before modification, is medium. *See* U.S. Department of Labor, 2 *Dictionary of Occupational Titles* § 913.463-010, at 926 (4th ed 1991). That rating then must be compared with claimant's maximum RFC at the time of the determination order to determine his adaptability score. OAR 436-35-310(1).

The debate here is whether claimant's maximum RFC as evidenced either by Rohwer's release, or the job to which claimant returned, should be light or medium/light. *See* OAR 436-35-270(3)(d). The Board found:

> "Claimant's attending physician released him to his job as a bus driver, which has a strength value of 'medium.' The only limitation identified by his attending physician was a permanent restriction to operating only buses with power steering. We interpret the attending physician's release as a release to work in the 'medium' strength category, but with a restriction that prevents claimant from performing the full range of requirements of his 'medium' strength job as [a] bus driver. Accordingly, pursuant to *former* OAR 436-35-310(3), we conclude that claimant's RFC is 'medium/light,' based on his attending physician's release."

■■ On judicial review, claimant argues that substantial evidence does not support a finding that he retains the RFC for medium/light work. He argues that the evidence shows

---

[2] A worker's maximum RFC was defined to be:

"the *greatest* capacity evidenced by:

· "(A) The attending physician's release; or

"* * * * *

"(C) The strength of any job at which a worker has 'returned to work' at the time of determination."

OAR 436-35-270(3)(d) (emphasis supplied).

that he is able to work only in the light category. We review the Board's findings for substantial evidence in the record. ORS 183.482(8)(c).

We begin by examining the capacity evidenced by Rohwer's release. The release did not contain any specific activity or weight restrictions that track with the limitations in the definitions of "light" or "medium" work. *See* OAR 436-35-270(3)(g)(B) & (C). It allowed claimant to return to work at a medium-strength job, that of a bus driver, with the limitation that he drive only buses with power steering. Aside from that one limitation, claimant was released to perform all the other duties associated with his medium-strength job.

OAR 436-35-310(3) provided that, if a worker had the RFC to do "more than the requirements of one category of RFC, but not the full range of requirements for the next higher category," the classification established between the two categories was used. Thus, the Board could find that claimant could perform more than the requirements of the light category of RFC, but not the full range of requirements for the medium category, and rank claimant's RFC as medium/light. Because we conclude that Rohwer's release provides substantial evidence that claimant could perform a medium/light strength job, we do not address the strength of the job to which claimant returned. *See* OAR 436-35-270(3)(d).

In summary, there is substantial evidence to support the Board's finding that claimant has the RFC to do medium/light work. Hence, the Board did not err in its PPD award to claimant.

■     Claimant further argues that we should order that his PPD award be paid at the increased rates mandated by Senate Bill 369, which was enacted by the 1995 Oregon Legislature. *See* Or Laws 1995, ch 332, §§ 17, 66. At this point, the Board's order provides only that SAIF must pay claimant an additional award of three percent (9.6 degrees) PPD. The rate at which that award must be paid is not now properly before this court, and we express no opinion on it.

Affirmed.